FILED
2023 Nov-14  AM 09:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| ELAINE ADAMS, as Mother of Reginald D. Adams, a deceased minor, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO.: _____ |
| HGC RIVERCHASE, LLC, | § § | |
| Defendants. | § § | |

## COMPLAINT

Plaintiff Elaine Adams, as mother of Reginald D. Adams, her deceased minor child, files this Complaint against Defendant HGC Riverchase, LLC, (hereinafter "HGC") stating as follows:

### I.      PARTIES

1.      Plaintiff Elaine Adams is an adult resident citizen of the State of Alabama. Plaintiff is the mother of Reginald D. Adams.  Reginald was an eighteen-year-old minor child, who was a resident of the State of Alabama, when he died on August 23, 2023, in Jefferson County, Alabama.  Plaintiff Elaine Adams brings this wrongful death action pursuant to Ala. Code §§ 6-5-390 and 6-5-391.

2.      Defendant HGC is a foreign limited liability company that owned, operated, managed, maintained, and controlled the premises and pool located at 2000 Club Road, Hoover, AL 35244 in Shelby County, Alabama, known as Riverchase Country Club at the time of the incident made the basis of this lawsuit.

## II.   JURISDICTION

3.   This Court has personal jurisdiction over Defendant HGC because, at all material times, it owned, leased, maintained, managed, controlled and/or had the ability to control the premises located at 2000 Club Road, Hoover, Alabama 35244, including the pool and slide area which was being operated as Riverchase Country Club. Additionally, the drowning incident made the basis of this lawsuit occurred in the pool at the Riverchase Country Club location on 2000 Club Road, Hoover, Alabama in Shelby County, Alabama.

4.   Federal jurisdiction exists pursuant to 28 USCA § 1332(a) because complete diversity of citizenship exists between Plaintiff and Defendant, and the amount in controversy exceeds $75,000. Reginald D. Adams was at the time of his death a resident citizen of the State of Alabama and his mother, Elaine Adams, is a resident citizen of the State of Alabama. The Defendant HGC is a foreign limited liability corporation that was formed in the State of Delaware with its principal address in the State of Virginia.  See Exhibit A, Alabama Secretary of State listing. The amount in controversy exceeds $75,000 exclusive of interest and costs, because the underlying incident involves the wrongful death of Reginald D. Adams.

## III.   FACTUAL ALLEGATIONS

5.   On August 22, 2023, Reginald D. Adams was drowned when he went down a slide connected to the pool into twelve feet of water located at 2000 Club Road, Hoover, Alabama 35244. At the time of the drowning incident, Reginald D. Adams was an invited guest of a Riverchase Country Club member. Upon information and belief, Mr. Adams was observed below the slide at the bottom of the pool in an area where the water depth was 12 feet, and after becoming aware he was in this position bystanders were unable to bring him

to the surface prior to Mr. Adams suffering a fatal anoxic brain injury. Mr. Adams was pronounced dead on August 23, 2023, in Jefferson County, Alabama as a proximate result of brain injuries sustained during the drowning.

6.      Pursuant to applicable rule and regulations for a public pool of this size, Defendant was required to have a lifeguard chair that was manned with a certified person trained in lifesaving by the American Red Cross or equivalent program. A certified lifeguard was not present at the time of the drowning and the lack of a lifeguard or attendant was a proximate cause of the drowning.

7.      The applicable standard of care required Defendant to have a certified lifeguard and/or an attendant at a public pool with a 12-foot water depth under a slide. Defendant negligently and/or wantonly breached this standard of care thereby proximately causing the death of Reginald D. Adams.

8. In addition, the applicable standard of care required certain lifesaving equipment suitable for a pool of this depth and upon information and belief, this equipment was not available at the time of this drowning incident.

9.      As a direct and proximate cause of the above-described negligence and/or wantonness of Defendant, Reginald D. Adams died on August 23, 2023, as a result of brain injury sustained during the drowning.

## IV.    CAUSES OF ACTION

**COUNT ONE**
**NEGLIGENCE**

10.      Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1-9 above.

11.    Plaintiffs allege that, at the time and place set forth above, Defendant HGC negligently breached their duties in one or more of the following respects:

a.    Negligently failing to provide Plaintiffs with a safe place to use their facilities;

b.    Negligently failing to provide and/or maintain appropriate safety and/or security measures and/or lifesaving equipment needed to protect Plaintiffs decedent;

c.    Negligently failing to properly manage, maintain, and/or operate the premises in a reasonably safe condition;

d.    Negligently failing to remedy dangerous conditions of which Defendant knew or reasonably should have known;

e.    Negligently failing to warn Plaintiffs decedent and others of the unreasonably dangerous conditions, including lack of lifeguards and/or attendants, on the premises;

f.    Negligently failing to properly staff and/or secure the premises to ensure that it was safe for its invitees;

g.    Negligently failing to provide sufficient and adequately trained personnel to properly monitor and safeguard the premises;

h.    Negligently failing to adopt and/or properly implement policies and procedures regarding pool use in 12 feet of water under a slide; and

i.    Negligently allowing Plaintiffs decedent to be injured and killed on the premises.

12.     As a direct and proximate cause of the above-described negligence, Plaintiffs decedent, Reginald D. Adams drowned on August 22, 2023, and died on August 23, 2023, as a result of his injuries.

WHEREFORE, Plaintiff Elaine Adams, as mother of Reginald D. Adams, a deceased minor, demands judgment against HGC Riverchase, LLC, for punitive damages in excess of the minimum jurisdictional limits of this Court, plus interest and costs.

**COUNT TWO**
**WANTONNESS**

13.     Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

14.     Plaintiffs allege that, at the time and place set forth above, Defendant HGC wantonly breached their duties in one or more of the following respects:

a.     Wantonly failing to provide Plaintiffs with a safe place to use their facilities;

b.     Wantonly failing to provide and/or maintain appropriate safety and/or security measures and/or lifesaving equipment needed to protect Plaintiffs decedent;

c.     Wantonly failing to properly manage, maintain, and/or operate the premises in a reasonably safe condition;

d.     Wantonly failing to remedy dangerous conditions of which Defendants knew or reasonably should have known;

e.     Wantonly failing to warn Plaintiffs decedent and others of the unreasonably dangerous conditions, including lack of lifeguards on the premises;

f.     Wantonly failing to properly staff and/or secure the premises to ensure that it was safe for its invitees;

5

g.      Wantonly failing to provide sufficient and adequately trained personnel to properly monitor and safeguard the premises;

h.      Wantonly failing to adopt and/or properly implement policies and procedures regarding pool use in 12 feet of water under a slide; and

i.      Wantonly allowing Plaintiffs decedent to be injured and killed on the premises.

15.     As a direct and proximate cause of the above-described wantonness, Plaintiffs decedent, Reginald D. Adams drowned on August 22, 2023, and died on August 23, 2023, as a result of his injuries.

WHEREFORE, Plaintiff Elaine Adams, as mother of Reginald D. Adams, a deceased minor, demands judgment against HGC Riverchase, LLC, for punitive damages in excess of the minimum jurisdictional limits of this Court, plus interest and costs.

## COUNT THREE
## NEGLIGENT HIRING, TRAINING AND SUPERVISION

16.     Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1-15 above.

17.     Defendant HGC had a duty to Plaintiffs decedent to exercise reasonable and due care to select and hire agents and/or employees who are fit to carry out its business.

18.     Defendant HGC had a duty to Plaintiffs decedent to exercise reasonable and due care to adequately train its agents and/or employees to carry out its business and to follow Defendants' rules, regulations, polices and/or procedures.

19.     Defendant HGC had a duty to Plaintiffs decedent to exercise reasonable care to adequately supervise its agents and/or employees.

20.     Defendant HGC negligently breached said duties to Plaintiffs decedent by employing and/or retaining agents and/or employees who were not fit to carry out Defendants' business and follow all applicable rules, regulations, policies and/or procedures, and who were not skillful in their activities as Defendants' agents and/or employees.

21.     Defendant HGC negligently failed to adequately train their agents and/or employees, in that said person(s) were not fit to carry out Defendants' business and follow all applicable rules, regulations, policies and/or procedures, and who were not skillful in their activities as Defendants' agent and/or employee.

22.     Defendant HGC negligently failed to adequately supervise their agents and/or employees in that said person(s) were not fit to carry out Defendants' business and follow all applicable rules, regulations, policies and/or procedures, and negligently failed to monitor and limit the activities of their agents and/or employees.

23.     As a direct and proximate cause of the above-described negligence, Plaintiffs decedent, Reginald D. Adams drowned on August 22, 2023, and died on August 23, 2023, as a result of his injuries.

WHEREFORE, Plaintiff Elaine Adams, as mother of Reginald D. Adams, a deceased minor, demands judgment against HGC Riverchase, LLC, for punitive damages in excess of the minimum jurisdictional limits of this Court, plus interest and costs.

## COUNT FOUR
## WANTON HIRING, TRAINING AND SUPERVISION

24.     Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1-23 above.

25.     Defendant HGC had a duty to Plaintiffs decedent to exercise reasonable and due care to select and hire agents and/or employees who are fit to carry out its business.

26.     Defendant HGC had a duty to Plaintiffs decedent to exercise reasonable and due care to adequately train their agents and/or employees to carry out its business and to follow Defendants' rules, regulations, polices and/or procedures.

27.     Defendant HGC had a duty to Plaintiffs to exercise reasonable care to adequately supervise their agents and/or employees.

28.     Defendant HGC wantonly breached said duties to Plaintiffs by employing and/or retaining agents and/or employees who were not fit to carry out Defendants' business and follow all applicable rules, regulations, policies and/or procedures, and who were not skillful in their activities as Defendants' agents and/or employees.

29.     Defendant HGC wantonly failed to adequately train its agents and/or employees, in that said person(s) were not fit to carry out Defendants' business and follow all applicable rules, regulations, policies and/or procedures, and who were not skillful in their activities as Defendants' agent and/or employee.

30.     Defendant HGC wantonly failed to adequately supervise their agents and/or employees in that said person(s) were not fit to carry out Defendants' business and follow all applicable rules, regulations, policies and/or procedures, and negligently failed to monitor and limit the activities of their agents and/or employees.

31.     As a direct and proximate cause of the above-described negligence, Plaintiffs decedent, Reginald D. Adams drowned on August 22, 2023, and died on August 23, 2023, as a result of his injuries.

WHEREFORE, Plaintiff Elaine Adams, as mother of Reginald D. Adams, a deceased minor, demands judgment against HGC Riverchase, LLC, for punitive damages in excess of the minimum jurisdictional limits of this Court, plus interest and costs.

<b>COUNT FIVE<br>NEGLIGENCE PER SE</b>

32.    Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1-31 above.

33.    Reginald D. Adams was a member of a class protected by applicable rules and regulations requiring a lifeguard chair manned by a certified lifeguard and these rules and regulations were enacted to prevent drowning incidents. Defendant violated these rules and regulations by failing to have a certified lifeguard in a lifeguard chair and as a proximate result Reginald D. Adams drowned.

WHEREFORE, Plaintiff Elaine Adams, as mother of Reginald D. Adams, a deceased minor, demands judgment against HGC Riverchase, LLC, for punitive damages in excess of the minimum jurisdictional limits of this Court, plus interest and costs.

<b>V.    PRAYER FOR RELIEF</b>

WHEREFORE, the premises considered, Plaintiff Elaine Adams demands judgment against all Defendant, HGC as follows: (i) for punitive damages in an amount sufficient to punish Defendants and deter Defendants and others like them from committing similar conduct; (ii) for the reasonable costs and disbursements of this action; and (iii) for such other and further relief as the Court deems just and proper.

**TOBIAS & COMER LAW, LLC**
Attorneys for Plaintiff
*/s/Desmond V. Tobias*
DESMOND V. TOBIAS (0094-780D)
1203 Dauphin Street
Mobile, Alabama 36604
Telephone:    (251) 432-5001
Facsimile:    (251) 432-0714
E-mail: desi@tobiascomerlaw.com

**SMITH, SPIRES, PEDDY,
HAMILTON & COLEMAN, P.C.**
Attorneys for Plaintiff
/s/ Thomas Coleman Jr.
THOMAS COLEMAN JR. (5220-l43t)
3500 Colonnade Parkway, Suite 350
Birmingham, Alabama 35243
Telephone: (205) 251-5885
Facsimile: (205) 251-8642
Email: TColeman@ssp-law.com

## PLAINTIFF RESPECTFULLY DEMANDS A TRIAL BY JURY.

**PLEASE SERVE DEFENDANTS AS FOLLOWS:**

**HGC RIVERCHASE LLC**                          *VIA CERTIFIED MAIL*
**C/O CORPORATION SERVICE COMPANY**              *RETURN RECEIPT*
641 South Lawrence Street                            *REQUESTED*
Montgomery, AL 36104