# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **ELAINE ADAMS,** | }<br>}<br>} |
| **Plaintiff,** | }<br>} |
| v. | }   Case No.:  2:23-cv-1540-RDP<br>} |
| **HGC RIVERCHASE, LLC,** | }<br>} |
| **Defendant.** | } |

## MEMORANDUM OPINION

This matter is before the court on Defendant HGC Riverchase, LLC's Motion to Dismiss. (Doc. # 4). The Motion (Doc. # 4) has been fully briefed. (Docs. # 4, 12, 13). For the reasons discussed below, the Motion is due to be granted in part and denied in part.

**I.   Factual Background[1]**

On August 22, 2023, eighteen-year-old Reginald D. Adams drowned at the Riverchase Country Club after he went down a slide connected to the pool into twelve feet of water. (Doc. # 1 at ¶ 5). There was no lifeguard on duty at the time of the drowning. (*Id.* at ¶ 6). Plaintiff alleges that at the time Adams drowned he was an invited guest of the club. (*Id.* at ¶ 5).

On November 13, 2023, Plaintiff Elaine Adams, the mother of the deceased, filed this action against Defendant HGC Riverchase, LLC, the company that owned, operated, and controlled the premises and pool at the Riverchase Country Club. (Doc. # 1). The Complaint asserts five causes of action against Defendant: (1) Count I - Negligence; (2) Count II –

---

[1] In evaluating a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court assumes the factual allegations in the complaint are true and gives the plaintiff the benefit of all reasonable factual inferences. *Hazewood v. Found. Fin. Grp., LLC*, 551 F.3d 1223, 1224 (11th Cir. 2008). Accordingly, the facts set out herein are taken from Plaintiff's Complaint (Doc. # 1), and they are assumed true for purposes of this Memorandum Opinion.

Wantonness; (3) Count III – Negligent Hiring, Training, and Supervision; (4) Count IV – Wanton Hiring, Training, and Supervision; and (5) Count V – Negligence Per Se. (*Id*).

On January 4, 2024, Defendant responded to the Complaint by filing a Motion to Dismiss. (Doc. # 4). The Motion seeks dismissal with prejudice of Counts I and II, in part, and Count V in its entirety for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (*Id.* at 2-3). In addition, the Motion seeks to dismiss the entire Complaint without prejudice under Rules 8(a)(2) and 10(b) because it is a shotgun pleading. (*Id.* at 4-11).

**II.     Legal Standard**

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate

"more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (quoting *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)). That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Twombly*, 550 U.S. at 570.

Complaints that tender "'naked assertion[s]' devoid of 'further factual enhancement'" will not survive a motion to dismiss. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (alteration in original). Stated differently, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Twombly*, 550 U.S. at 556.

**III.   Discussion**

Defendant's Motion to Dismiss seeks dismissal of Counts I and II of Plaintiff's Complaint in part and Count V in its entirety for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Doc. # 4 at 2-3). In addition, the Motion seeks to dismiss the entire

Complaint without prejudice under Rules 8(a)(2) and 10(b) because it is a shotgun pleading. (*Id.* at 4-11). The court examines each argument below, in turn.

    **a.**    **Failure to State a Claim Under Rule 12(b)(6)**

Defendant first alleges that portions of Plaintiff's Complaint are due to be dismissed with prejudice because they fail to state a claim under Federal Rule of Civil Procedure 12(b)(6). Specifically, Defendant avers that Count V of the Complaint should be dismissed in totality because Plaintiff has not adequately pled negligence per se. Additionally, Defendant argues that Counts I and II of the Complaint should be stricken in part because the lack of a lifeguard is an open and obvious condition as a matter of law, and even based upon the well-pleaded allegations of the Complaint it had no duty to warn Plaintiff that there was not a lifeguard present.

    **i.**    **Count V: Negligence Per Se**

Defendant contends that Plaintiff has not sufficiently pled a claim of negligence per se. "The doctrine of negligence per se or negligence as a matter of law arises from the premise that the legislature may enact a statute that replaces the common-law standard of the reasonably prudent person with an absolute, required standard of care." *Parker Bldg. Servs. Co., Inc. v. Lightsey ex rel. Lightsey*, 925 So. 2d 927, 930-31 (Ala. 2005). "When the legislature adopts such a statute, anyone who violates it and causes an injury to a person whom the statute was intended to protect is liable for negligence per se." *Id.* at 931.

However, not every violation of a statute or ordinance qualifies as negligence per se. Indeed, to succeed on a claim of negligence per se, a plaintiff must prove: (1) that the statute the defendant is charged with violating was enacted to protect a class of persons to which the plaintiff belonged; (2) that the plaintiff's injury was the kind of injury contemplated by the statute; (3) that the defendant violated the statute; and (4) that the defendant's violation of the

4

statute proximately caused the plaintiff's injury. *Dickinson v. Land Developers Const. Co., Inc.*, 882 So. 2d 291, 302 (Ala. 2003) (citing *Elder v. E.I. DuPont de Nemours & Co.*, 479 So. 2d 1243, 1248 (Ala. 1985)).

Plaintiff's Complaint vaguely asserts that Defendant violated applicable rules and regulations for a public pool of the size involved in this case by failing to have a lifeguard chair staffed by a certified lifeguard; however, she does not point to a single rule or regulation to support this contention. (Doc. # 1 at ¶ 6, 33). In fact, it was not until her response to Defendant's Motion to Dismiss (Doc. # 12) that Plaintiff has attempted to identify the rule or regulation on which her negligence per se claim is based. There, Plaintiff alleges that Defendant violated a Shelby County, Alabama regulation for swimming pools that states:

> (h)   Lifeguard Chair
>
>   1. All Class A and B swimming pools having a water surface area of more than 2,250 square feet shall be provided with at least one elevated lifeguard platform or chair. …
>
>   2. The elevated lifeguard platforms or chairs shall be so located as to provide a clear, unobstructed view of the bottom of the swimming pool in the area under surveillance. All chairs must be manned during hours of operation with a certified person trained in lifesaving by the American Red Cross or equivalent program.

*See* Rules Governing the Construction, Maintenance and Operation of Public Swimming Pools and Spas for Shelby County, Alabama, Chapter 5, Section 8(h) (2019) (hereinafter "Shelby County Rules").[2]

---

[2] The court notes that although Plaintiff has attached the Shelby County Rules to her response, her Complaint does not cite to the Shelby County Rules, nor are they attached to the Complaint. Nevertheless, the Eleventh Circuit has made clear that a document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment so long as the attached document is: (1) central to a plaintiff's claim; and (2) undisputed. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). "Undisputed" in this context means that the authenticity of the document is not challenged. *Id.* Here, the Shelby County Rules are central to Plaintiff's negligence per se claim and neither party disputes their authenticity. Therefore, the Shelby County Rules are properly considered as a part of Defendant's Motion to Dismiss.

Defendant responds by contending that, even assuming *arguendo* it did violate the Shelby County Rules by failing to staff a lifeguard on the premises, Plaintiff's negligence per se claim fails as a matter of law because Plaintiff cannot show that the regulation was enacted to protect a class of person to which the deceased belong.

As discussed previously, the first element of the negligence per se analysis requires Plaintiff to show that the statute she alleges Defendant violated was enacted to protect a specific class of people. In its analysis of this area, the Supreme Court of Alabama has made clear that a class of persons must be narrower than the general public. *Lightsey*, 925 So. 2d at 931 (citing *Thomas Learning Ctr., Inc. v. McGuirk*, 766 So. 2d 161, 171 (Ala. Civ. App. 1998)). For example, in *Lightsey*, the court analyzed whether a violation of a standard building code adopted by a city ordinance constituted negligence per se. 925 So. 2d at 930-31. The court concluded that because the building code clearly stated that it's intended purposes were "public safety, health, and general welfare" -- as opposed to trying to protect a distinct subsection of the public -- the negligence per se claim could not survive. *Id.* at 930; *see also Winberry v. United Collection Bureau, Inc.*, 697 F. Supp. 2d 1279, 1293 (M.D. Ala. 2010) (analyzing the Court's analysis in *Lightsey*).

Defendant avers that the same is true here. In its argument, Defendant points to the "Purpose" section of the Shelby County Rules, which reads:

> (1) **Purpose.** It is the intent of the Shelby County Board of Health that these rules, <u>in the interest of the public's public health and safety</u>, shall define the terms used herein; require written approval before construction or repair of pools and spas; require permits for operation of pools and spas; establish health and sanitation standards for pools and spas; regulate the operation thereof; and provide for the enforcement of these regulations.

Shelby County Rules, Chapter 1, Section 1 (2019) (emphasis added). Defendant argues that, because the Shelby County Rules do not delineate a specific class of persons and instead are

6

intended to protect the public generally, Plaintiff's negligence per se claim must be dismissed. The court agrees.

In analyzing the specific class question, the Alabama Supreme Court has paid particular attention to the clear language of the rule or regulation at issue. That is, the court has made clear that, in determining the purpose of a regulation, courts must give the "words used in the [rule or regulation] their plain, ordinary, and commonly understood meaning and … interpret the language to mean what it says." *Lightsey*, 925 So. 2d at 932; *see also Ex parte Gadsden Reg'l Med. Ctr.*, 904 So. 2d 234, 236 (Ala. 2004) (stating that the words in a statute are given their plain, ordinary, and commonly understood meaning, and that the statute must be interpreted to mean what it says when plain language is used). Here, Chapter 1, Section 1 of the Shelby County Rules plainly states that the rules are created "in the interest of the public's public health and safety." Thus, it is readily apparent that the purpose is not limited to protecting a particular subset of people who may be in a swimming pool at a given time. After all, the drafters clearly could have done just that if they had wished that subset to be the protected group. Instead, the plain, ordinary, and commonly understood meaning of "public" refers to all individuals at large.

For these reasons, Plaintiff has not pled that Defendant violated a statute that was enacted to protect a specific class of people to which the deceased belonged. As a result, she has failed to state a claim for negligence per se.

When a deficient complaint is filed, courts generally provide the plaintiff with "at least one chance to amend the complaint before [it] dismisses the action with prejudice." *Brown v. Air Line Pilots Assoc.*, 813 Fed. App'x 353, 355 (11th Cir. 2020). However, even in such an instance, "a district court need not allow for amendment … where amendment would be futile." *Id.* "An amendment would be futile if 'if the complaint as amended would still be properly

dismissed or be immediately subject to summary judgment for the defendant.'" *Id.* Here, any amended filing that alleges negligence per se based on the Shelby County Rules would continue to be futile for the reason discussed above. But, to the extent Plaintiff is able to locate a different statute to base her claim on, an amended complaint may successfully plead negligence per se. Therefore, Count V of Plaintiff's Complaint is due to be dismissed without prejudice.

### ii. Counts I and II: Negligence and Wantonness

Counts I and II of Plaintiff's Complaint assert claims of negligence and wantonness against Defendant for a litany of reasons, including "failing to warn Plaintiff's decedent and others of the unreasonably dangerous conditions, including lack of lifeguards and/or attendants, on the premises." (Doc. # 1 at ¶¶ 11(e), 14(e)). Defendant argues that, to the extent Plaintiff's claims for negligence and wantonness are based on Defendant's failure to provide a lifeguard, they are due to be stricken in part because the lack of a lifeguard is an open and obvious condition as a matter of law.

Under Alabama law, "a premises owner's legal duty to a party injured by a condition of the premises depends upon the legal status of the injured party." *S. Ala. Brick Co. v. Carwie*, 214 So. 3d 1169, 1175 (Ala. 2016). Where, as alleged here, the plaintiff enters the property for the purpose of conferring a material or commercial benefit upon the landowner, the plaintiff is an invitee. *See Ex parte Mountain Top Indoor Flea Market, Inc.*, 699 So. 2d 158, 161 (Ala. 1997); *McClurg v. Birmingham Realty Co.*, 300 So. 3d 1115, 1118 (Ala. 2020). "The owner of a premises owes a duty to business invitees to use reasonable care and diligence to keep the premises in a safe condition, <u>or</u>, if the premises are in a dangerous condition, to give sufficient warning so that, by the use of ordinary care, the danger can be avoided." *Armstrong v. Ga. Marble Co.*, 575 So. 2d 1051, 1053 (Ala. 1991) (emphasis in original).

However, in situations where the danger is open and obvious -- that is, where "the invitee … should be aware of [the danger] in the exercise of reasonable care on the invitee's part" -- the owner's duty to make safe or warn of the danger is obviated. *McClurg*, 300 So. 3d at 1118 (quoting *Mountain Top*, 699 So. 2d at 161). The issue of whether a danger is "open and obvious" is an affirmative defense that the premises owner bears the burden of proving. *McClurg*, 300 So. 3d at 1118-19.

Defendant argues that the lack of a lifeguard is an open and obvious condition under Alabama law. In support of this claim, it points to *Alabama Farm Bureau Mutual Casualty Insurance Company v. Hixon*, where the Supreme Court of Alabama overturned a verdict originally in favor of a drowning victim at a trailer park based, in part, on the landowner's failure to have a lifeguard on duty. 533 So. 2d 518 (Ala. 1988). In doing so, the court wrote, "[t]here is no absolute duty to provide a lifeguard or other supervision at a swimming pool. The lack of a lifeguard is a condition that could have been discovered by a reasonable and customary inspection, and no liability will be imposed on the defendant for failing to provide a lifeguard." *Id.* at 520. In addition, Defendant points to *Alabama Power Company v. Dunaway*, which held that "the lack of lifeguards is a condition which could have been discovered by [plaintiffs] by their reasonable and customary inspection." 502 So. 2d 726, 728 (Ala. 1987). Defendant argues that, based on the language in these two cases, the lack of a lifeguard is an open and obvious condition under Alabama law. Therefore, Defendant contends, it did not have a duty to warn Plaintiff that there was no lifeguard on the scene, and Plaintiff cannot rely on a failure to warn to support her negligence and wantonness claims.

But, at the pleadings stage, the rule is that a portion of a complaint is not subject to dismissal under Rule 12(b)(6) unless its allegations, on their face, show that an affirmative

9

defense bars recovery on the claim. *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003), *abrogated in part on other grounds by Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010). Here, that is not the case. The Supreme Court of Alabama has made clear that "even though a defect is open and obvious, an injured invitee is not barred from recovery where the invitee, acting reasonably, did not appreciate the danger of the defect." *Ex parte Kraatz*, 775 So. 2d 801, 804 (Ala. 2000) (citing *Young v. La Quinta Inns, Inc.*, 682 So. 2d 402, 404 (Ala. 1996)). Therefore, even if Defendant is correct that the lack of a lifeguard is an open and obvious danger under Alabama law, Plaintiff may still be able to combat the affirmative defense by showing that the decedent, acting reasonably, did not appreciate the danger of swimming in the absence of a lifeguard.

To survive a motion to dismiss, a plaintiff only needs to plead "sufficient factual material, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 578. Here, Plaintiff has done so. Therefore, Defendant's argument that Counts I and II of Plaintiff's Complaint are due to be stricken in part because the lack of a lifeguard is an open and obvious condition as a matter of law is due to be denied.

    **b.**    **Shotgun Pleading**

Shotgun pleadings violate Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), by "failing to one degree or another … to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018) (quoting *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015)).

There are four basic categories of shotgun pleadings: (1) those in which "each count adopts the allegations of all preceding counts;" (2) those that do not re-allege all preceding counts but are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) those that do not separate each cause of action or claim for relief into a different count; and (4) those that assert multiple claims against multiple defendants without specifying which applies to which. *Weiland*, 792 F.3d at 1321-23. "The unifying characteristic of all types of shotgun pleadings is that they fail to … give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. The key question in determining whether a pleading is deemed "shotgun" is not whether a complaint fits into an identified category, but rather whether it includes enough information to allow a defendant and the court to "readily determine" if it states a plausible claim for relief. *See id.* at 1326.

Here, Defendant asserts that Plaintiff's Complaint qualifies as a shotgun pleading for two reasons. First, as currently pled, each count of Plaintiff's Complaint incorporates all paragraphs preceding it, regardless of their relevance. Second, Defendant argues that Plaintiff's Complaint is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action.

As to the incorporation of multiple preceding paragraphs, the typical shotgun complaint contains several counts, "each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Funds, LLC v. Spear, Leeds, & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). Here, Plaintiff's Complaint contains five causes of action. (Doc. # 1 at 3-10). In each count, Plaintiff "realleges and incorporates by reference each

11

and every allegation" contained in the previous sections. (*Id.* at ¶¶ 10, 13, 16, 24, 32). Therefore, Counts II, III, IV, and V incorporate not only every previous factual allegation but also the paragraphs defining the cause of action in each count before it. (*Id.* at ¶¶ 13, 16, 24, 32).

The problem with a pleading like this is that it forces both the court and Defendant to guess what conduct the counts are referring to because the pleading's reference is to "everything that the plaintiff has previously mentioned anywhere in the complaint." *United States ex rel. Wallace v. Exactech, Inc.*, 2020 WL 4500493, at *8 (N.D. Ala. 2020) (quoting *Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1356 n.5 (11th Cir. 2020)). The court notes that incorporating previous counts and large sections of a pleading into subsequent counts, by itself, does not necessarily render a pleading "shotgun." *Weiland*, 792 F.3d at 1324. But, incorporating large swaths of allegations *and* "rolling" counts into other counts "down the line" can do just that. *Id.* Therefore, Plaintiff's failure to precisely identify the facts relevant to each count and rolling those allegations from one count to another makes her Complaint a shotgun pleading.

Similarly, Plaintiff's Complaint is a shotgun pleading of the second type because it contains "conclusory" and "vague" facts that continue to present a "moving target of general allegations." *Id.*; *United States ex rel. Musachia v. Pernix Therapeutics, LLC*, 2021 WL 2826429, at *4-5 (N.D. Ala. 2021). For example, Counts III and IV allege negligent/wanton hiring, training and supervision and use the following language:

> Defendant HGC negligently [and/or wantonly] breached said duties to Plaintiffs decedent by employing and/or retaining agents and/or employees who were not fit to carry out Defendants' business and follow all applicable rules, regulations, policies and/or procedures, and who were not skillful in their activities as Defendants' agents and/or employees. Defendant HGC negligently [and/or wantonly] failed to adequately train their agents and/or employees, in that said person(s) were not fit to carry out Defendants' business and follow all applicable rules, regulations, policies, and/or procedures, and who were not skillful in their activities as Defendants' agent and/or employee.

(Doc. # 1 at ¶¶ 20-21, 28-29). But, the Complaint does not identify even one employee working at the Riverchase Country Club, let alone state how he or she was unfit to carry out Defendant's business. Nor does it allege a single rule, regulation, policy, or procedure of Defendant's that any employee failed to follow or carry out. Therefore, these claims fail to put Defendant on notice of the "specific claims against [it] and the factual allegations that support those claims." *Weiland*, 792 F.3d at 1325.

Further, when comparing this language with that of Counts I and II, it is impossible to discern whether Plaintiff's claims arise from the absence of an employee, the presence of an employee, or both. For instance, although Counts III and IV allege that Defendant breached its duty to Plaintiff by hiring and retaining employees who failed to follow applicable rules, Counts I and II simultaneously allege that Defendant failed to adequately staff the premises with trained personnel. (Doc. # 1 at ¶¶ 11(f)-(g), 14(f)-(g)). In other words, these counts are so non-specific that they wholly fail to provide Defendant with adequate notice of the grounds for each claim for relief. *Weiland*, 792 F.3d at 1323.

The Eleventh Circuit has shown "little tolerance for shotgun pleadings." *Shabanets*, 878 F.3d at 1295. "A district court has the 'inherent authority to control its docket and ensure the prompt resolutions of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds." *Id.*; *see also Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018). But, the pleading party should have at least one chance to remedy such deficiencies before a court dismisses with prejudice an action on shotgun pleading grounds. *Shabanets*, 878 F.3d at 1295; *Jackson*, 898 F.3d at 1358. Therefore, the court will grant Plaintiff the opportunity to file an amended complaint against Defendant that remedies these pleading deficiencies.

## IV. Conclusion

For the reasons discussed above, Defendant's Motion to Dismiss (Doc. # 4) is **GRANTED IN PART AND DENIED IN PART.** An order consistent with this memorandum opinion will be entered contemporaneously.

**DONE** and **ORDERED** this May 23, 2024.

_____
**R. DAVID PROCTOR**
CHIEF U.S. DISTRICT JUDGE