## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **ELAINE ADAMS,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:23-cv-1540-RDP** |
| | } | |
| **HGC RIVERCHASE, LLC,** | } | |
| | } | |
| **Defendant.** | } | |

### MEMORANDUM OPINION AND ORDER

This matter is before the court on Plaintiff Elaine Adams's Amended Motion for Reconsideration. (Doc. # 26). The Motion has been fully briefed. (Docs. # 26, 27, 30). For the reasons discussed below, the Motion (Doc. # 26) is **DENIED.**

### I.      Background

Tragically, on August 22, 2023, eighteen-year-old Reginald D. Adams drowned at the Riverchase Country Club after going down a slide connected to the pool into twelve feet of water. (Doc. # 1 ¶ 5). On November 13, 2023, his mother, Plaintiff Elaine Adams, filed this action against Defendant HGC Riverchase, LLC, the company that owned, operated, and controlled the premises and pool at the Riverchase Country Club. (Doc. # 1). The original Complaint asserted five causes of action against Defendant: (1) Count I – Negligence; (2) Count II – Wantonness; (3) Count III – Negligent Hiring, Training, and Supervision; (4) Count IV – Wanton Hiring, Training, and Supervision; and (5) Count V – Negligence Per Se. (*Id.*).

On January 4, 2024, Defendant responded to the Complaint by filing a Motion to Dismiss. (Doc. # 4). The Motion sought dismissal of Counts I and II in part and Count V in its

entirety for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (*Id.* at 2-3). In addition, the Motion sought to dismiss the entire Complaint without prejudice under Rules 8(a)(2) and 10(b) as a shotgun pleading. (*Id.* at 4-11).

On May 23, 2024, the court entered a Memorandum Opinion and Order granting in part and denying in part Defendant's Motion to Dismiss. (Docs. # 22; 23). The court denied Defendant's request to partially dismiss Counts I and II. (Docs. # 22 at 10; 23). However, the court dismissed Plaintiff's negligence per se claim without prejudice because Plaintiff had not pled that Defendant violated a statute that was enacted to protect a specific class of people to which the deceased belong. (Docs. # 22 at 7-8; 23). In addition, the court dismissed the Complaint in its entirety without prejudice as a shotgun pleading but granted Plaintiff the opportunity to file an amended complaint to remedy the pleading deficiencies. (Docs. # 22 at 13-14; 23).

On June 6, 2024, Plaintiff filed an Amended Motion for Reconsideration. (Doc. # 26).[1] The Amended Motion for Reconsideration requests the court to reconsider only its decision to dismiss Plaintiff's negligence per se claim.

## II.    Legal Standard

The Federal Rules of Civil Procedure do not specifically authorize motions for reconsideration, but they are common enough in practice. However, "[i]n the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly." *Gougler v. Sirius Products, Inc.*, 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005); *see also Spellman v. Haley*, 2004 WL 866837, *2 (M.D. Ala. 2002).

---

[1] Plaintiff inadvertently filed a draft version of her Motion for Reconsideration on June 6, 2024. (Doc. # 24). However, the next day, Plaintiff filed an Amended Motion for Reconsideration that substituted the draft version of the motion with the final version. (Doc. # 26).

Although this court has discretion to reconsider its orders, motions for reconsideration are disfavored. *See, e.g.*, *Iberiabank v. Case Constr., LLC*, 2015 WL 5457889, *2 (S.D. Ala. 2015).

Courts have made clear that a motion to reconsider is not a vehicle to relitigate old matters, assert novel arguments, or present evidence that could have been raised previously:

> Far too often, litigants operate under the flawed assumption that any adverse ruling … confers upon them license to move for reconsideration, vacatur, alteration or amendment as a matter of course, and to utilize that motion as a platform to criticize the judge's reasoning, to litigate issues that have already been decided, to champion new arguments that could have been made before, and otherwise to attempt a "do-over" to erase a disappointing outcome. This is improper.

*Garrett v. Stanton*, 2010 WL 320492, *2 (S.D. Ala. 2010); *see also Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005) (finding that a motion to reconsider may not be used to "relitigate old matters, raise argument[s] or present evidence that could have been raised prior to the entry of judgment."); *Hughes v. Stryker Sales Corp.*, 2010 WL 2608957, *2 (S.D. Ala. 2010) (rejecting notion that motions to reconsider "are appropriate whenever the losing part thinks the [d]istrict [c]ourt got it wrong.").

Motions to reconsider "cannot be brought solely to relitigate issues already raised." *Harris v. Corrs. Corp. of Am.*, 433 F. App'x 824, 825 (11th Cir. 2011). Instead, as a general rule, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Busby v. JRHBW Realty, Inc.*, 2006 WL 8446617, at *1 (N.D. Ala. 2006); *see also Harris*, 433 F. App'x at 825.

III.    Discussion

Plaintiff's Motion urges the court to reconsider the dismissal of her negligence per se claim without prejudice. Because this request centers around a prior ruling, the court briefly

summarizes the applicable caselaw and the inquiry relevant to its prior decision before evaluating Plaintiff's arguments for reconsideration.

"The doctrine of negligence per se or negligence as a matter of law arises from the premise that the legislature may enact a statute that replaces the common-law standard of the reasonably prudent person with an absolute, required standard of care." *Parker Bldg. Servs. Co., Inc. v. Lightsey ex rel. Lightsey*, 925 So. 2d 927, 930-31 (Ala. 2005). "When the legislature adopts such a statute, anyone who violates it and causes an injury to a person whom the statute was intended to protect is liable for negligence per se." *Id.* at 931. However, to succeed on a claim of negligence per se, a plaintiff must prove that: (1) the statute the defendant is charged with violating was enacted to protect a class of persons to which the plaintiff belonged; (2) the plaintiff's injury was the kind of injury contemplated by the statute; (3) the defendant violated the statute; and (4) the defendant's violation of the statute proximately caused the plaintiff's injury. *Dickinson v. Land Devs. Constr. Co., Inc.*, 882 So. 2d 291, 302 (Ala. 2003) (citing *Elder v. E.I. DuPont de Nemours & Co.*, 479 So. 2d 1243, 1248 (Ala. 1985)).

Count V of Plaintiff's original Complaint asserted a claim for negligence per se on the basis that Defendant violated applicable rules and regulations for a public pool of the size involved in this case by failing to have a lifeguard chair staffed by a certified lifeguard. (Doc. # 1). However, as noted in the court's opinion, Plaintiff failed to cite to a single rule or regulation to support this particular contention in the Complaint. (Doc. # 22 at 5). Instead, it was not until she filed her response to Defendant's Motion to Dismiss that Plaintiff alleged -- for the first time -- that Defendant violated a Shelby County, Alabama regulation for swimming pools.

(h)     Lifeguard Chair

1.  All Class A and B swimming pools having a water surface area of more than 2,250 square feet shall be provided with at least one elevated lifeguard platform or chair. …

2.  The elevated lifeguard platforms or chairs shall be so located as to provide a clear, unobstructed view of the bottom of the swimming pool in the area under surveillance. All chairs must be manned during hours of operation with a certified person trained in lifesaving by the American Red Cross or equivalent program.

(Doc. # 12 at 4-5, citing Rules Governing the Construction, Maintenance and Operation of Public Swimming Pools and Spas for Shelby County, Alabama, Chapter 5, Section 8(h) (2019) (hereinafter "Shelby County Rules")).

After evaluating the Shelby County Rules, the court held that Plaintiff's claim was due to be dismissed because she failed to satisfy the first prong of the negligence per se analysis: that is, she could not show that the Shelby County Rules were enacted to protect a class of people to which Reginald Adams belonged. (Doc. # 22). The court noted that the stated purpose of the Shelby County Rules was to protect the general public:

(1) **Purpose.** It is the intent of the Shelby County Board of Health that these rules, <u>in the interest of the public's public health and safety</u>, shall define the terms used herein; require written approval before construction or repair of pools and spas; require permits for operation of pools and spas; establish health and sanitation standards for pools and spas; regulate the operation thereof; and provide for the enforcement of these regulations.

Shelby County Rules, Chapter 1, Section 1 (2019) (emphasis added). And, because the class of persons must be narrower than the general public for the first prong of the negligence per se analysis to be satisfied, the court found that dismissal of the claim was warranted. (Doc. # 22); *Lightsey*, 925 So. 2d at 931 (citing *Thomas Learning Ctr., Inc. v. McGuirk*, 766 So. 2d 161, 171 (Ala. Civ. App. 1998)). However, the court made clear that Count V was dismissed without

prejudice in the event Plaintiff was able to locate a different statute upon which to base her negligence per se claim. (Doc. # 22 at 8).

Plaintiff now urges the court to reconsider its finding that the Shelby County Rules do not apply to a specific class of persons but instead to the public at large. As noted above, it is generally improper for a plaintiff to use a motion to reconsider to relitigate old matters or bring forward new arguments or evidence that could have been raised earlier. *See Michael Linet, Inc.*, 408 F.3d at 763. Instead, as a general rule, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Busby*, 2006 WL 8446617, at *1. Here, Plaintiff does not allege that the Shelby County Rules have been modified since the court's ruling or that new evidence has emerged that was previously unavailable; instead, Plaintiff argues that the court erred in interpreting the Shelby County Rules and finding that they did not apply to a limited subclass of individuals to which the deceased belonged. She believes this to be true for three reasons. The court considers each of those, in turn.

First, Plaintiff argues that the Shelby County Rules are analogous to motor vehicle laws in the state of Alabama that apply to a limited subset of individuals. In making this argument, Plaintiff points to the Supreme Court of Alabama's decision in *Lightsey*. 925 So. 2d at 927. There, the court noted that, although traffic laws are applicable to the general public at large, "the rules of the road were passed for the benefit of a particular class of people who use the public streets and highways for travel." *Id.* at 932 (internal quotations omitted). Therefore, the *Lightsey* court made clear that the purpose of the rules of the road in Alabama were to protect a class of persons distinguishable from the general public, and that, as a result, a negligence per se

claim may be brought under them. *Id.* Plaintiff argues the court should find the same to be true here.

But, this argument has been repeatedly rejected by other courts within the state. In the *Lightsey* decision, the Alabama Supreme Court noted that, unlike the rules of the road, building codes are not enacted to protect a class of persons that is distinguishable from the general public. *Id.* This point was echoed in *Benefield v. International Paper Co.*, when the court made clear that traffic laws are in their own distinct category and are therefore not comparable to statutes regulating other industries in the state:

> As the Defendant points out, in *Parker Building Servs. Inc.*, the court expressly acknowledged that violation of certain rules of the road designed to protect users of the road is considered negligence *per se*, but stated that the "rules of the road were passed for 'the benefit of a particular class of people who use the public streets and highway for travel.'" *Parker Building Servs.*, 925 So. 2d at 932 (quoting *Simpson v. Glenn*, 264 Ala. 519, 88 So. 2d 326, 327 (Ala. 1956)). The laws governing road ways in Alabama have, therefore, been placed in a special category by the Alabama Supreme Court which does not include the laws regulating the paper mill at issue in this case. The law in Alabama is that negligence *per se* is inapplicable when the purpose of a law allegedly violated was to protect the general public. *Id.* at 931.

2009 WL 2601425, at *6 (M.D. Ala. 2009); *see also Brantley v. Int'l Paper Co.*, 2009 WL 2601390, at *4-5 (M.D. Ala. 2009) (finding the same). Therefore, because laws governing the roadways have been expressly placed in a special category different from any other type of law in the state of Alabama, Plaintiff's argument that swimming pool regulations should be evaluated in the same manner is unpersuasive.

Second, Plaintiff argues that the court should find persuasive the findings of a report and recommendation in *Smith v. Triad of Alabama, LLC*, Case No. 1:14-cv-00324-WKW-GMB (Sept. 2, 2015) (Doc. # 39). There, the plaintiffs brought numerous claims against a hospital in relation to a breach of their confidential information, including a negligence per se claim for

violating The Health Insurance Portability and Accountability Act ("HIPAA"). (Doc. # 39 at 3-4). The defendant moved to dismiss the plaintiff's negligence per se claim on the basis that HIPAA was not enacted to protect a particular class of citizens, but instead the public at large. (*Id.* at 27). The magistrate judge issued a report recommending denial of the motion to dismiss because the defendant did not cite to any controlling precedent holding that HIPAA was not intended to protect a particular class of citizens. (*Id.*). Instead, the magistrate judge, quite sensibly, concluded that HIPAA was enacted to protect patients who entrust their confidential information to healthcare providers. (*Id.* at n.26). Plaintiff argues that the court should apply that same logic here.

As an initial matter, this is an argument that Plaintiff could have raised in its response to Defendant's Motion to Dismiss and failed to do so; as a result, it is an inappropriate ground for a motion for reconsideration. *See Rossi v. Troy State Univ.*, 330 F. Supp. 2d 1240, 1249 (M.D Ala. 2002) ("Additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration."). But the court's ruling does not stand on that point alone because, in any event, the analysis in *Smith* is irrelevant to this case. Notably, HIPAA does not have an enumerated purpose of protecting the general public like the Shelby County Rules; instead, the enumerated purpose for the statute simply states, "The requirements of this subchapter implement sections 1171-1180 of the Social Security Act (the Act), sections 262 and 264 of Public Law 104-191, section 105 of Public Law 110-233, sections 13400-13424 of Public Law 111-5, and section 1104 of Public Law 111-148." *See* 45 C.F.R. § 160.101 "Statutory Basis and Purpose." In contrast, the purpose section of the Shelby County Rules unambiguously states that the rules were created "in the interest of the public's public health and safety." Shelby County Rules, Chapter 1, Section 1 (2019). Alabama law is clear that in

determining a statute's purpose, courts must give the words used in the statute their plain, ordinary, and commonly understood meaning and "interpret the language to mean what it says." *Lightsey*, 925 So. 2d at 931. Therefore, because the plain language of the purpose section expressly states that the Shelby County Rules were enacted in the interest of the general public, this matter differs from *Smith* and the holding there is unpersuasive.

Finally, Plaintiff argues that, even if the stated purpose of the Shelby County Rules appears to apply to the public at large, the court should find that the defined "scope" of the Rules expressly limits them to a specific class of individuals. In making this argument, Plaintiff directs the court to Chapter 1, Section 5 of the Shelby County Rules, which states:

(5) Scope.

    (a) These regulations govern Public Swimming Pools and Spas in Shelby County as they may affect the public's health and safety.

    (b) These rules do not apply to:
      1. Residential Swimming Pools
      2. Therapeutic chambers drained, cleaned, and refilled after each individual use; or
      3. Natural bodies of water used for swimming.

Shelby County Rules, Chapter 1, Section 5 (2019). Plaintiff argues that this language clearly limits the Shelby County Rules to a specific class of people: "swimmers" or "persons in swimming pools." (Doc. # 26 at 4). The court disagrees, for at least two reasons.

First, as made clear in *Lightsey* and discussed above, for a violation of a statute or ordinance to constitute negligence per se, that statute or ordinance must have been enacted to protect a specific class of persons distinguishable from the general public. 925 So. 2d at 931. In this case, the Shelby County Rules unambiguously state that they are created "in the interest of the public's public health and safety." Shelby County Rules, Chapter 1, Section 1 (2019). Therefore, under Alabama law, this stated purpose alone renders a negligence per se claim filed

9

relying on the Shelby County Rules a non-starter. *See Lightsey*, 925 So. 2d at 932 (finding that

the stated purpose of the building code that it is enacted for the "public safety, health, and

general welfare" refers to the public generally and bars a negligence per se claim); *Thomas*

*Learning Center, Inc.*, 766 So. 2d at 171 (holding that the language "in order to safeguard life,

health, and property, and to promote the general public welfare" refers to the general public).

Any other analysis is unnecessary. But, there is more.

Even considering the language related to the "scope" of the Rules, in addition to their

stated purpose, the court reaches the same conclusion. The scope clearly states, "[t]hese

regulations govern Public Swimming Pools and Spas in Shelby County *as they may affect the*

*public's health and safety*." Shelby County Rules, Chapter 1, Section 5 (2019) (emphasis added).

This language is nearly identical to the language above that was found too broad to apply to a

specific subclass of individuals in *Lightsey*. 925 So. 2d at 932; *see also Thomas Learning Center,*

*Inc.*, 766 So. 2d at 171. Although Plaintiff argues that this language limits the Rules to swimmers

and persons <u>in</u> swimming pools (Doc. # 26 at 4), both the law and logic say otherwise. In

*Lightsey*, the court made clear that a building code does not protect only those who are in a

building, but the public at large, including people who may never enter the building at all.

*Lightsey*, 766 So. 2d at 932. The same is true for lifeguards and rules at a swimming pool.

Indeed, a lifeguard's duties often involve monitoring individuals who are *out* of the pool just as

much as those *in* it, whether it be through instructions to refrain from running, ensuring sanitary

conditions on the pool deck, or administering first aid. Therefore, despite Plaintiff's assertions

otherwise, the language of the Rules' "scope" simply does not suggest that they only apply to

"swimmers." Instead, the language reiterates that the Rules are enacted for the health and safety

10

of the public. Shelby County Rules, Chapter 1, Section 5 (2019). After all, it is the public who would end up swimming in the county's many pools.

"In the interests of finality and conservation of scare judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly." *Ball v. Brown*, 2019 WL 5727438, at *8 (N.D. Ala. 2019) (quoting *Gougler*, 370 F. Supp. 2d at 1189). Instead, as a general rule, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Busby*, 2006 WL 8446617, at *1. The court has employed a more generous standard here. Nevertheless, Plaintiff's motion is due to be denied.

## IV.    Conclusion

For the reasons stated above, Plaintiff's Motion for Reconsideration (Doc. # 26) is **DENIED.**

**DONE** and **ORDERED** this July 10, 2024.

_____
**R. DAVID PROCTOR**
CHIEF U.S. DISTRICT JUDGE