# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **ELAINE ADAMS,** | }<br>}<br>} |
| Plaintiff, | }<br>} |
| v. | }    Case No.: 2:23-cv-01540-RDP<br>} |
| **HGC RIVERCHASE, LLC,** | }<br>} |
| Defendant. | } |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Defendant HGC Riverchase, LLC's ("HGC") Motion to Reconsider, Alter, Amend, or, in the Alternative, to Certify. (Doc. # 67). The Motion has been fully briefed. (Docs. # 67, 70, 71). For the reasons discussed below, the Motion (Doc. # 67) is due to be denied.

**I.  Background**

This case involves the tragic death of Plaintiff's eighteen-year-old son Reginald Adams ("Adams") who drowned after going down a slide into the pool at the Riverchase Country Club ("RCC") on August 22, 2023. Following the death of her son, Plaintiff filed this action asserting the following claims in her Amended Complaint: (Count One) negligence and (Count Two) wantonness. (Doc. # 28). Plaintiff alleges that pursuant to the Shelby County Regulations, HGC owed Adams a duty to provide lifeguards and safety equipment at the RCC pool and that HGC negligently and wantonly breached this duty. (*Id.*). HGC filed a Motion for Summary Judgment arguing that it was entitled to summary judgment on both Plaintiff's negligence and wantonness claims. (Doc. # 46).

On June 25, 2025, the court entered a Memorandum Opinion and Order granting in part and denying in part HGC's Motion for Summary Judgment. (Docs. # 65, 66). The court denied HGC's request for summary judgment as to Plaintiff's negligence claim based on the lack of lifeguards. (Docs. # 65 at 13; 66). However, the court granted HGC's requests for summary judgment as to Plaintiff's negligence claim based on the lack of safety equipment and Plaintiff's wantonness claim. (Docs. # 65 at 14-15; 66). The court dismissed those claims with prejudice. (Doc. # 66).

On July 14, 2025, HGC filed its Motion to Reconsider Alter, Amend, or, in the Alternative, to Certify requesting that the court "reconsider, alter, or amend its Order denying HGC's Motion for Summary Judgment on [Plaintiff's] negligence claim as it relates to lifeguards, or, in the alternative, to certify the legal question to the Supreme Court of Alabama." (Doc. # 67 at 1).

**II.     Discussion**

    **A.     Motion to Reconsider**

The grant or denial of a motion to reconsider is left to the discretion of the district court. *See Chapman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000). Motions for reconsideration are a disfavored, extraordinary remedy that should be employed sparingly. *See, e.g.*, *Iberiabank v. Case Constr., LLC*, 2015 WL 5457889, at *2 (S.D. Ala. 2015) ("Motions to reconsider are disfavored in federal court and are granted only in narrowly circumscribed circumstances.").

As this court has explained, a motion to reconsider is not a vehicle to relitigate old matters, assert novel arguments, or present evidence that could have been raised previously:

> Far too often, litigants operate under the flawed assumption that any adverse ruling . . . confers upon them license to move for reconsideration, vacatur, alteration or amendment as a matter of course, and to utilize that motion as a platform to criticize the judge's reasoning, to litigate issues that have already been decided, to champion

2

>new arguments that could have been made before, and otherwise to attempt a "do-over" to erase a disappointing outcome. This is improper.

*Garrett v. Stanton*, 2010 WL 320492, *2 (S.D. Ala. 2010); *see also Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005) (finding that a motion to reconsider may not be used to "relitigate old matters, raise argument[s] or present evidence that could have been raised prior to the entry of judgment."); *Hughes v. Stryker Sales Corp.*, 2010 WL 2608957, *2 (S.D. Ala. 2010) (rejecting notion that motions to reconsider "are appropriate whenever the losing part thinks the [d]istrict [c]ourt got it wrong.").

Motions to reconsider "cannot be brought solely to relitigate issues already raised." *Harris v. Corrs. Corp. of Am.*, 433 F. App'x 824, 825 (11th Cir. 2011). Instead, as a general rule, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Busby v. JRHBW Realty, Inc.*, 2006 WL 8446617, at *1 (N.D. Ala. 2006); *see also Harris*, 433 F. App'x at 825.

Because HGC's request for reconsideration centers around a prior ruling, the court briefly summarizes the applicable caselaw and the inquiry relevant to its prior decision before evaluating HGC's arguments.

Under Alabama law, to establish a negligence claim a plaintiff must show: "(1) a duty to a foreseeable plaintiff; (2) a breach of that duty; (3) proximate causation; and (4) damage or injury." *Lemley v. Wilson*, 178 So. 3d 834, 841 (Ala. 2015) (internal quotation marks omitted). In *Lands v. Ward*, the Supreme Court of Alabama held that "[i]n a negligence action, it is possible for a legal duty imposed by statute or regulation to inform the common-law standard of reasonable care or to supplant it entirely." 349 So. 3d 219, 223 (Ala. 2021) (citing *Parker Bldg. Servs. Co. v. Lightsey ex rel. Lightsey*, 925 So. 2d 927, 930-31 (Ala. 2005)). It went on to state that "[a] violation of a

3

<|

[safety] statute or ordinance can, therefore, be evidence of negligence under certain circumstances." *Id.* (quoting *Murray v. Ala. Power Co.*, 413 So. 2d 1109, 1114 (Ala. 1982)) (alteration in *Lands*).

Specifically, the court explained that while negligence per se uses a statutory violation to "conclusively establish, as a matter of law, duty and breach[,]" a general negligence claim merely uses a "statute to make out a prima facie case of negligence." *Id.* at 223 n.1 (citations omitted). The court emphasized that the use of a statute in a general negligence claim "is not to be confused with the doctrine of negligence per se." *Id.* And in *Lands*, the Supreme Court of Alabama found that because the defendant "was required under both federal regulations and Alabama statute to 'systematically inspect, repair, and maintain, or cause to be systematically inspected, repaired, and maintained, all motor vehicles . . . subject to its control[,]'" the plaintiff was "entitled to use the regulations and the statute incorporating them into Alabama law to establish his prima facie case for negligence." *Id.* at 225.

HGC urges the court to reconsider its previous Memorandum Opinion and Order (Docs. # 65, 66) based on "the need to correct clear error or manifest injustice." (Doc. # 67 at 2 (citing *Busby*, 2006 WL 8446617, at *1)). HGC asserts that the court "did not recognize analogous legal authority cited in the Rule 56 record" and "overturned substantive Alabama law on HGC's open and obvious defense." (*Id.* at 1). To support its argument, HGC contends that "[a]s a matter of law, the open and obvious defense applies to [Plaintiff's] negligence claim." (*Id.* at 2). HGC relies heavily on *Fletcher v. Hale*, 548 So. 2d 135 (Ala. 1989) to support its position.

HGC asserts that *Fletcher* "is analogous to the present case because it involves a regulatory duty and a contributory negligence defense." (Doc. # 67 at 3). In *Fletcher*, the Supreme Court of Alabama stated that the duty of the apartment complex was "to exercise reasonable care to

4

eliminate the danger caused by an artificial condition upon the land or to protect trespassing children from that danger," and that the duty "*could* have been done by compliance with the State . . . regulations." *Fletcher*, 548 So. 2d at 138 (emphasis added).

However, *Fletcher* was decided 32 years before *Lands*. In *Lands*, the Supreme Court of Alabama was crystal clear: "In a negligence action, it is possible for a legal duty imposed by statute or regulation to inform the common-law standard of reasonable care or to supplant it entirely." *Lands*, 349 So. 3d at 223 (citations omitted). "[This] court [still] has not found, nor has HGC cited any case where courts have concluded that the defense can be used when there is a regulation imposing the duty owed by a premises owner." (Doc. # 66 at 12). But, even if the open and obvious defense does apply, the Supreme Court of Alabama has consistently held that the openness and obviousness of a danger is generally a question for the jury, not to be resolved on a motion for summary judgment. *McClurg v. Birmingham Realty Co.*, 300 So. 3d 1115, 1119 (Ala. 2020); *see Denmark v. Mercantile Stores Co.*, 844 So. 2d 1189, 1195 (Ala. 2002) ("Whether a condition is open and obvious is generally a question for the jury.").

HGC also relies heavily on *Alabama Farm Bureau Mutual Casualty Insurance v. Hixon*, 533 So. 2d 518 (Ala. 1988) and *Alabama Power Company v. Dunaway*, 502 So. 2d 726 (1987). That is, HGC contends that "[a]ccording to *Hixon* and *Dunaway*, the absence of a lifeguard itself is the only material fact relevant to HGC's open and obvious defense." (Doc # 67 at 6).

*Hixon* and *Dunaway* are distinguishable from the present case because there were no applicable statutes or regulations that required the pool (in *Hixon*) and the marina (in *Dunaway*) to have a lifeguard on duty. *Hixon*, 533 So. 2d at 519 (no discussion); *Dunaway*, 502 So. 2d at 729-31 (discussion of FERC's license regulations that do not include a lifeguard requirement).

Regardless of the applicable regulations in *Hixon* and *Dunaway*, both cases were decided before *Lands*. Thus, HGC's Motion to Reconsider is due to be denied.

**B.     Motion to Certify Question**

Under Alabama Rule of Appellate Procedure 18, a federal court may certify a question to the Supreme Court of Alabama "[w]hen it shall appear . . . that there are involved in any proceeding before it questions or propositions of law of this State which are determinative of said cause and that there are no clear controlling precedents in the decisions of the Supreme Court of this State." *See* Ala. R. App. P. 18(a).

HGC argues that the court should certify Plaintiff's negligence claim to the Supreme Court of Alabama. (Doc. # 67 at 7). In support of its position, HGC states that "whether the open and obvious defense applies to HGC's regulatory duty is a 'dispositive state law issue' that will resolve whether [Plaintiff's] lifeguarding claim may proceed." (*Id.*). HGC also states that "[i]f the Court is still not convinced that the Alabama Supreme Court in *Hixon* and *Dunaway* was clear in expressly ruling that the lack of lifeguards is an open and obvious condition as a matter of law, . . . this Court [should] certify that question as well." (*Id.* at 9).

As an initial matter, the court finds it interesting that although HGC argues this court "overturned substantive Alabama law" (Doc. # 67 at 8), it also desires (albeit, alternatively) to certify Plaintiff's negligence claim to the Supreme Court of Alabama. It is obviously inconsistent for HGC to argue, on the one hand, that the court misapplied settled law to Plaintiff's negligence claim but assert, on the other, that the negligence claim should be certified and answered by the Supreme Court of Alabama. If, as HGC argues, the law is settled, there is no question that needs to be answered by the Supreme Court of Alabama.

In any event, the certification of a question to the Supreme Court of Alabama rests in the "sound discretion" of the federal district court. *Redding v. Coloplast Corp.*, 104 F.4th 1302, 1313 (11th Cir. 2024) (citing *Lehman Bros. v. Schein*, 416 U.S. 386 (1974)). The court finds that the holding in *Lands* speaks clearly to the issue presented in this case. Thus, there is no question to certify to the Supreme Court of Alabama.

### III.   Conclusion

For the reasons stated above, HGC's Motion to Reconsider, Alter, Amend, or, in the Alternative, to Certify (Doc. # 67) is **DENIED**.

**DONE** and **ORDERED** this September 3, 2025.

_____
**R. DAVID PROCTOR**
CHIEF U.S. DISTRICT JUDGE